IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| VISTAPRINT CORP MARKETING | § | MDL 4:08-md-1994 |
| AND SALES PRACTICES | § | (This Order Relates to All Cases) |
| LITIGATION | § | |

## MEMORANDUM AND ORDER

This multidistrict litigation case is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction ("Motion") [Doc. # 19] filed by Defendants Adaptive Marketing LLC and Vertrue Incorporated (collectively, "Adaptive") seeking to dismiss the member cases filed by Plaintiffs Delores Gordon and Laurel Hudson. Plaintiffs filed a Response [Doc. # 40], and Adaptive neither filed a reply nor requested additional time to do so. Having reviewed the record and applied governing legal authorities, the Court **denies** Adaptive's Motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs allege that they ordered business cards or other printed materials from the website "vistaprint.com" and paid for their orders with a debit or credit card. Plaintiffs allege that, during the process of completing their purchases online, they were tricked into enrolling in membership programs offered by VistaPrint Limited and/or VistaPrint USA, Inc. (collectively, "VistaPrint") or Adaptive. Plaintiffs allege

that their debit or credit cards were charged for the monthly fees associated with these membership programs, which Plaintiffs characterize as worthless.

Hudson and Gordon filed lawsuits in federal court in Massachusetts. Those two lawsuits, together with four others, were transferred to this Court by the Judicial Panel on Multidistrict Litigation for consolidated pretrial proceedings. Adaptive filed this Motion, seeking dismissal of the two member cases from Massachusetts based on an alleged lack of personal jurisdiction. The Motion is ripe for decision.

## II.   STANDARD FOR PERSONAL JURISDICTION

Adaptive seeks dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. A federal court sitting in diversity may exercise jurisdiction over a non-resident defendant only if permitted under state law. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).[1]

Plaintiffs bear the burden of establishing that Adaptive, a non-resident of Massachusetts, had contacts with Massachusetts sufficient to invoke the jurisdiction of that state's federal court. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005); *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). If there is no evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the

---

[1] The parties do not dispute that there are no material differences between the personal jurisdiction jurisprudence from the First Circuit and the Fifth Circuit.

party asserting jurisdiction is merely required to present facts sufficient to constitute a *prima facie* case of personal jurisdiction. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 342-43 (5th Cir. 2004); *Cent. Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). The *prima facie* showing may be established by the pleadings, depositions, affidavits, or exhibits of record. *See Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). A court must accept as true the plaintiff's uncontroverted allegations and resolve any factual conflicts in favor of the plaintiff. *Freudensprung*, 379 F.3d at 343; *Cent. Freight*, 322 F.3d at 380. The law, however, does not require the court to credit conclusory allegations, even if uncontroverted. *Cent. Freight*, 322 F.3d at 380; *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

A court's exercise of personal jurisdiction over a non-resident defendant comports with constitutional due process requirements when (1) the defendant "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of personal jurisdiction does not offend traditional notions of "fair play and substantial justice." *Moncrief Oil Int'l., Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945)); *Latshaw v. Johnston,* 167 F.3d

208, 211 (5th Cir. 1999)). Both prongs must be satisfied in order for a court to exercise personal jurisdiction over a non-resident defendant.

The "minimum contacts" prong may be established by evidence of contacts that confer "specific jurisdiction" and those that give rise to "general jurisdiction." When a plaintiff asserts specific jurisdiction over a non-resident defendant, the court must determine (1) whether "the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there," and (2) whether "the controversy arises out of or is related to the defendant's contacts with the forum state." *Freudensprung*, 379 F.3d at 343; *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 884 (5th Cir. 1993) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The focus of the specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and the litigation." *Freudensprung*, 379 F.3d at 343.

If the plaintiff makes a *prima facie* showing of minimum contacts, then the burden shifts to the defendant to show that the court's exercise of jurisdiction would not comply with "fair play" and "substantial justice." *Id.* In making a fundamental fairness determination, a court must examine: (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the

states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008); *Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993)).

### III.   ANALYSIS

It is undisputed that Adaptive does not have offices in Massachusetts, does not own property or other assets in Massachusetts, and has no employees or file servers in Massachusetts.  As is explained below, however, Adaptive engaged in other conduct in Massachusetts that is directly related to the claims asserted by Plaintiffs in this case, establishing specific jurisdiction over Adaptive in Massachusetts. Additionally, Adaptive's contacts are such that exercising personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

### A.   Specific Jurisdiction

In order for a court to have specific personal jurisdiction, the non-resident defendant must have purposely directed its activities toward the forum state and the controversy must arise out of or relate to those contacts. *Freudensprung*, 379 F.3d at 343. Minimum contacts for purposes of specific jurisdiction cannot be established by "merely contracting" with a resident of the forum, nor by "[a]n exchange of communications in the course of developing and carrying out a contract," because,

were it otherwise, "jurisdiction could be exercised based only on the fortuity that one of the parties happens to reside in the forum state." *Moncrief*, 481 F.3d at 311-12.

In this case, Plaintiffs allege that Adaptive entered into a business relationship with Co-Defendant VistaPrint USA, Inc., a Delaware corporation with its principal place of business in Massachusetts. Pursuant to that relationship, VistaPrint and Adaptive offered various membership programs for sale to individuals in Massachusetts and elsewhere who visited the "vistaprint.com" website. Adaptive made several trips to Massachusetts for meetings in connection with and in furtherance of the relationship and to discuss the membership programs that form the basis for Plaintiffs' lawsuits. Adaptive offered the membership programs to citizens of Massachusetts and charged the credit cards and/or debit cards of Massachusetts residents for the monthly fees. Such conduct goes well beyond merely entering into a contract with a Massachusetts resident. Moreover, the conduct is directly related to and forms the basis for the Plaintiffs' allegations in the Consolidated Amended Complaint. The Court concludes that Massachusetts courts have specific personal jurisdiction over Adaptive.

**B.     Fair Play and Substantial Justice**

Plaintiffs have shown that Adaptive had such minimum contacts with Massachusetts as would support the existence of specific personal jurisdiction in this case and that Adaptive chose to solicit business from residents of Massachusetts.

Adaptive now has the burden to show that the exercise of personal jurisdiction by the Massachusetts court would not comply with "fair play" and "substantial justice." *Freudensprung*, 379 F.3d at 343. The relevant factors in this analysis are: (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008); *Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993)).

In this case, Adaptive has not shown that defending this lawsuit in Massachusetts would impose an unreasonable burden on it. The state of Massachusetts clearly has a significant interest in enforcing its consumer protection laws, and the citizens of Massachusetts have an interest in obtaining convenient and effective relief from alleged consumer fraud. There is nothing in the record to indicate that the federal judicial system in Massachusetts is less efficient in resolving litigation at trial than this or any other federal district, particularly since all pretrial proceedings

in this multidistrict litigation case will be handled by this Court. Adaptive has not shown that "the states' shared interest in furthering fundamental social policies" has any impact on the analysis in Adaptive's favor. Having considered the relevant factors, the Court concludes that Adaptive has not satisfied its burden to show that the exercise of personal jurisdiction by the Massachusetts court would offend traditional notions of fair play and substantial justice.

### III. CONCLUSION AND ORDER

There is specific jurisdiction over Adaptive in Massachusetts, and the exercise of that jurisdiction does not offend traditional notions of fair play and substantial justice. As a result, it is hereby

**ORDERED** that Adaptive's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 19] is **DENIED**.

SIGNED at Houston, Texas, this **3rd** day of **August, 2009.**

Nancy F. Atlas
United States District Judge