

K. B. Battaglini
713.374.3552
713.754.7552 fax
battaglinik@gtlaw.com

August 27, 2009

Honorable Nancy F. Atlas
United States Courthouse
515 Rusk Street, Room 9015
Houston, Texas 77002

Attention: Shelia Ashabranner, Case Manager

Re:   *In re VistaPrint Corp. Marketing and Sales Practices Litigation*; MDL 4:08-md-1994

Dear Judge Atlas:

      We represent Defendants Vertrue Incorporated and Adaptive Marketing LLC (together the "Adaptive Defendants") in this matter, and write concerning the status of claims of plaintiffs not named in the Consolidated Class Action Complaint (the "Consolidated Complaint"). We respect that the Order dated August 7, 2009, did not request comment by Defendants, but believe that comment with respect to Plaintiffs' counsel's letter dated August 18, 2009, is warranted.

      Plaintiffs were ordered to file a written report regarding the status of the claims of Plaintiffs Moorefield, Pacetti, Olmsted and Bott, and to advise the court whether these four Plaintiffs are parties to the Complaint to the same extent as the four Plaintiffs named in the Consolidated Complaint, or whether the four unnamed Plaintiffs are abandoning their own individual lawsuits. Plaintiffs' August 18 letter, which serves as their report, does not squarely address the status of the claims of Plaintiffs Moorefield, Pacetti, Olmsted and Bott. Rather, Plaintiffs dissemble, and assert that "it is unnecessary at this juncture to require them to make an election as between abandoning their own individual lawsuits or becoming parties to the Consolidated Complaint." In making this assertion, Plaintiffs fail to address two critical points.

      <u>First</u>, Plaintiffs Pacetti, Olmsted and Bott are identified in Schedule A to the Transfer Order, and Plaintiff Moorefield joined the action filed by Plaintiff Woolley. As such, they are named parties to actions transferred to this court by the Transfer Order (Dkt. #1). The footnote in the Consolidated Complaint acknowledges that Moorefield, Pacetti, Olmsted and Bott remain Plaintiffs "in the actions consolidated herein," and "are not waiving or dismissing any rights." (Dkt. #11) Plaintiffs nevertheless contend in their August 18 letter that Moorefield, Pacetti, Olmsted and Bott are not parties to the Consolidated Complaint. The resultant inconsistency--that they are Plaintiffs but not parties--remains unresolved.

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN*
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
ZURICH
*STRATEGIC ALLIANCE

Second, this court's Practice and Procedure Order No. 1 (Dkt. #2) provides that when a pleading or other filing "relates to the actions to which this Order applies, the words 'All Actions'" shall appear in the caption. In filing their Consolidated Complaint, Plaintiffs placed the following notation in the caption: "This Document Applies to ALL ACTIONS." *See* Dkt. #11. This notation is interpreted to mean all transferred actions. Likewise, the Adaptive Defendants' Motion to Dismiss states in the caption that "This Document Relates To All Actions." The intent is clear. The Motion to Dismiss applies to all actions, including all transferred actions. The unnamed Plaintiffs, who are parties to the transferred actions, and who are therefore litigants within the court's purview, are bound by the court's decision on the Motion to Dismiss. *See, for example, Meridia Products Liability Litigation v. Abbott Lab.*, 447 F.3d 861, 869 (6th Cir. 2006) (rejecting argument that only the plaintiffs named in the consolidated complaint are bound by dismissal, or that a party may limit the effect of a consolidated order).

Plaintiffs provide no contrary authority. The cases cited by Plaintiffs in the August 18 letter are inapposite, as each was decided within the context of choice-of-law issues. None of the cases cited by Plaintiffs precisely address the effect of a dispositive motion on unnamed plaintiffs in a consolidated action, and none support the notion that unnamed plaintiffs are put to an "election."

Significantly, following the filing of Plaintiffs' original complaints, the Adaptive Defendants provided Plaintiffs with copies of the landing pages and the welcome and pre-bill emails each Plaintiff received after enrolling. These documents served to refresh memories about the nature of the enrollment process. After receiving that information, Plaintiffs filed their Consolidated Complaint, which contained substantially *different* allegations. Given this circumstance, the court can reasonably conclude that the Consolidated Complaint is not merely an administrative device, but instead served to replace the complaints filed in the individual actions. Plaintiffs, whether or not named in the Consolidated Complaint, are nevertheless parties to the Consolidated Complaint until such time as they are dismissed, and they are therefore bound by the court's decision on the Motion to Dismiss. The court should reject the contrary notions asserted by Plaintiffs in their August 18 letter.

Very truly yours,

K. B. Battaglini
Robert A. Horowitz
Tobi S. Soli
Paul J. Brown
GREENBERG TRAURIG LLP

cc:   All counsel via ECF